MUNICIPALITY OF MAYAGÜEZ, ETC., ET AL., Plaintiffs and Appellants, *v.* DR. J. M. GALLARDO, COMMISSIONER OF EDUCATION OF PUERTO RICO, Defendant and Appellee.

No. 8545. Argued December 9, 1943.—Decided March 13, 1944.

*Enrique Báez García* for appellants. *M. Rodríguez Ramos, Acting Attorney General,* and *A. E. Franco Cabrero* and *Carmen B. Hernández, Deputy Attorneys General,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

By an ordinance of the Municipal Assembly of Mayagüez the positions of Treasurer and School Director were separated, and at the same time the latter was consolidated with the position of Mayor in one office. Thus both offices were filled by the same person. The Commissioner of Education, pursuant to an opinion of the Attorney General of Puerto Rico, refused to approve Orders Nos. 348 and 349 submitted by the Mayor-School Director of Mayagüez, and alleged that in accordance with said opinion, the office of School Director could not be separated from that of Municipal Treasurer. In order to settle this controversy, the municipality asked the lower court to render a declaratory judgment upholding the Municipal Assembly in its action. The lower court explained that the decision in the case of *People ex rel. Santos v. Camacho,* 43 P.R.R. 663, was binding, and decided that the Municipal Assembly of Mayagüez lacked the power to separate the offices of Treasurer and School Director and to consolidate the latter with the position of Mayor in one office.

The controversy herein hinges on the construction of §28

of the Municipal Law in force, which in its pertinent part reads as follows:

"Municipal administrative officers shall be those stated below, and their offices shall be incompatible with the office of member of the municipal assembly and with any other remunerated federal, insular or municipal office:

"In municipalities of the first class—
1. A Mayor,
2. A Treasurer and School Director,
3. A Director of Charities,
4. A Director of Public Works,
5. An Auditor,
6. A Secretary.
"In municipalities of the second and third classes—
1. A Mayor,
2. A Treasurer and School Director,
3. A Secretary-Auditor,
4. A Director of Charities.

"No other position or administrative office shall be created by the municipal assembly in addition to those stated in this section, *but the municipalities may consolidate the offices in the manner in which the majority of the total number of members composing the municipal assembly shall decide*, but in no case shall the offices of Treasurer and Auditor be consolidated; *Provided*, That the office of Director of Charities, whether consolidated or not, shall in all cases fall on a physician-surgeon authorized to practice his profession in Puerto Rico." (Italics ours.)

It is evident from the statutory provision copied above that the intention of the legislature was to authorize the municipal assemblies to consolidate the positions *in the manner in which the majority of the total number of members composing the municipal assembly shall decide*, and the only limitations to that authority were: (*a*) that in no case shall the offices of Treasurer and Auditor be consolidated, and (*b*) that the office of Director of Charities, whether consolidated or not, shall in all cases fall on a physician-surgeon authorized to practice his profession in Puerto Rico. As far as this case is concerned, however, we can not overlook the fact

that although the Legislature authorized the consolidation of administrative offices, nevertheless, at no time and under no condition, did it authorize the municipalities to separate the positions which the Legislature itself expressly consolidated, to wit: in municipalities of the first class, Treasurer and School Director; and of the second and third classes, Treasurer and School Director, and Secretary and Auditor. If we hold the contrary we might as well presume that the Legislative Assembly had knowingly performed a useless act, and that it had consolidated those positions and in the same line authorized the municipalities to undo what it had accomplished, by separating said positions at their own will to consolidate them with others, or to keep them separated.

However, we can not agree with the holding of the case in *People ex rel. Santos* v. *Camacho, supra,* in the sense that where the Legislative Assembly consolidates the positions of Secretary and Auditor in one office, in the municipalities of second and third classes, the positions of Secretary and Auditor cease to exist and their duties are cast upon another office which is neither the Auditor nor the Secretary. That this was not the intention of the legislator appears clearly from the fact that said positions, whether consolidated or not, retain always their own duties and prerogatives fixed by the statute, and although they may not be separated by the municipalities, nevertheless, they continue to be, as stated by Mr. Chief Justice Del Toro in his dissenting opinion, two separate offices which by virtue of the act are filled by one person only.

The Municipal Assembly lacks, therefore, the power to separate the position of Treasurer from that of School Director, both which positions were expressly consolidated by the superior authority exercised by the Legislature. Consequently, where the positions of Mayor and School Director were consolidated in one office, with the exception of the Treasurer, the municipal assembly performed an *ultra vires*

act and, therefore, had no power to vest the Mayor with the duties of the School Director, as was properly contended by the appellee.

Since the Mayor of Mayagüez was not the lawfully appointed School Director of said municipality, the Commissioner of Education acted correctly in not upholding said officer as such School Director

For the reasons stated the judgment appealed from must be affirmed.